GREEN et al. v. PLANTERS NUT & CHOCOLATE CO., Inc.

No. 5909.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1949.

Decided Oct. 6, 1949.

Louis B. Fine, Norfolk, Va. (David Rein, Washington, D. C., on brief), for appellants.

Tazewell Taylor, Norfolk, Va., for appellee.

Before PARKER and SOPER, Circuit Judges, and BARKSDALE, District Judge.

PER CURIAM.

This suit was instituted on January 11, 1947, primarily to recover portal to portal pay under § 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b) as interpreted in Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. Subsequent to the institution of the suit, Congress passed the Portal to Portal Pay Act of May 14, 1947, 29 U.S.C.A. § 251 et seq., whereby it is provided that no employer should be subjected to any liability on account of a failure to pay minimum wages or overtime compensation on account of any activity of an employee engaged in prior to the passage of the Act except an activity compensable by an express provision of a contract or by custom or practice in effect at the time of the activity, and that an activity shall be considered as compensable only when it was engaged in during the portion of the day to which it was so made compensable.

Certain employees of the appellee in this case asserted in their complaint that after the passage of the Fair Labor Standards Act they were required to work longer hours than those specified in the Act, and that their employer failed to pay one and a half times the regular rates for the excess period. The employer filed an answer denying these allegations and filed a motion to dismiss the complaint and for summary judgment. The matter came on for hearing upon the pleadings, certain affidavits of the parties and certain evidence taken before the District Judge who granted the motion and dismissed the bill.

In respect to the portal to portal phase of the case, the allegations and evidence showed that the employees were compensated for the period beginning at 7 a. m., that the whistle of the plant blew ten minutes prior thereto, and that the employees were required to punch the time clock upon entering the plant before presenting themselves at their places ready to work. The employees offered a sign displayed in the plant which contained the following words: "All employees must go directly to their work room and be in their places ready for work after punching in when ten minutes whistle blows. Anyone disobeying this rule will be discharged." They claim in their affidavits that they were required to be in their places ready for work at ten minutes before 7 o'clock, and that they received no pay for this ten minute interval. The employer claimed that the sign did not mean that the employees should be in their places of work ten minutes before 7 o'clock, but that the ten minute interval was set up so that the employees would have time to enter the plant, punch the clock, make ready for work and be at their places of labor at the appointed time. The employees presented no records to support their claims. The employer presented compilations taken from the time clock of three employees for a period of several years which showed that the employees, including one who had given one of the affidavits above mentioned, did not customarily punch the time clock much less present themselves ready for work until after the ten minute whistle had blown.

We are of opinion that the District Judge was justified in granting a summary judgment in respect to these claims. It is true that under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., a summary judgment may not be granted if a genuine issue as to any material fact is shown by the pleadings, depositions, admissions and affidavits on file; but in this case even if the broad statements of the plaintiffs' affidavits may be considered as giving rise to such an issue of fact, it is nevertheless plain that the plaintiffs had no case under the Fair Labor Standards Act as amended. The sign displayed in the plant obviously did not require the workers to be at their places of work ten minutes before starting time, but only warned them to check in and be ready to work at the beginning of the work day; and if it be supposed, despite the records produced, that the employees were present at their places of work ten minutes before 7 o'clock, and were not paid for this interval, it is obvious that the time spent was negligible so that the de minimis rule approved in the Mt. Clemens case, 328 U.S. 680, 691-692, 66 S.Ct. 1187, 90 L.Ed. 1515, should be applied.

See also, McIntyre v. Joseph E. Seagram & Sons Co., Inc., D.C.W.D.Ky., 72 F.Supp. 366; Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58.

In dismissing the portal to portal claims the District Judge postponed action upon the additional claim that certain employees who worked in the oil department of the plant were employed in unloading peanut oil from tank cars and in replacing filters when changing the character of the oil, and that these activities consumed overtime for which the workmen were not paid as required by the statute. These allegations of the complaint were denied in the employer's answer; and the complainants were given twenty days in which to set forth the names of the employees concerned, the dates and periods of overtime work and the amount of the claims. An amended complaint giving the names of the employees in question but omitting the other details were subsequently filed. In subsequent proceedings the complainants

were given permission and ample time to inspect the wage records of the employer so as to enable them to fill in the details of their claims or to abandon them; but the complainants, although availing themselves of the permission to inspect the records failed to file an amended complaint or to give the required details of their claims. Thereupon these claims were dismissed. This action of the court was justified since the claimants were obviously unable to support the allegations of the complaint and bear the burden of proof resting upon them.

The judgment of the District Court **is** Affirmed.