TOBIN, Secretary of Labor, United States Department of Labor, v. UNION NAT. BANK OF LITTLE ROCK.

Civ. No. 2378.

United States District Court
E. D. Arkansas, W. D.

March 27, 1953.

in it carries on its business. The total area of the building is 48,427 square feet, of which approximately 38,000 square feet are occupied by the bank itself, including an auditorium of approximately 2,400 square feet and lounges of approximately 2,200 square feet. The remaining area, approximately 10,400 square feet, is occupied by miscellaneous tenants, including 4,129 square feet occupied by branch offices of out-of-state insurance companies which branches daily correspond with their home offices and receive and transmit to such home offices policy applications, policies, premium payments, claims and benefit payments.

As a national banking corporation, the defendant prepares and works upon certificates of stock, bonds, and other securities; prepares checks, notes, drafts and other commercial paper of all kinds; endorses, stamps, wraps and ships outside the State of Arkansas large quantities of the aforementioned stocks, bonds, other securities and currency; and transmits checks, notes, drafts and other commercial paper aforementioned to points outside the State of Arkansas. Defendant also regularly receives similar items in large quantities from points outside the State.

Plaintiff brings this action to enjoin further violation of the minimum wage, overtime, and "hot goods" provisions of the Fair Labor Standards Act of 1938, Sections 6, 7, and 15(a) (1), as amended, 29 U.S.C.A. §§ 206, 207, and 215(a) (1).

William S. Tyson, Solicitor, U. S. Department of Labor, Washington, D. C., Earl Street, Regional Atty., and Harry Campbell, Jr., Asst. Regional Atty. U. S. Department of Labor, Dallas, Tex., for plaintiff.

Frank E. Chowning (of Moore, Burrow, Chowning and Mitchell), Little Rock, Ark., for defendant.

NORDBYE, District Judge.

The facts are stipulated and appear as follows: The defendant is a national banking corporation with its banking establishment located in Little Rock, Arkansas. The bank owns and operates the building where-

Twelve employees are involved herein. Ten of them perform a substantial part of their duties in the portion of the building occupied by the bank proper. It may be noted that none of these employees were engaged solely with the bank's auditorium or its lounges. These employees sweep, clean and mop the floors, dust the furniture and fixtures, empty trash, and in general maintain the premises of the bank in a proper condition of cleanliness and order. Of the two persons who do not work in the premises of the bank, one is an elevator operator who, however, services the floors of the building occupied by the bank. The other is a cleaning woman (with duties similar to the other maintenance employees) who works only on the fourth floor in certain of branch insurance offices mentioned above. It is clear that the duties of all these employees are only of a custodial or janitorial nature such as is heretofore de-

scribed and that none are engaged in actual banking or insurance operations.

Eleven of the twelve employees normally work approximately 36 hours a week, none receiving as much as 75 cents an hour. The remaining one normally works approximately 50 hours a week, not receiving as much as 75 cents an hour straight time or $1.12½ an hour for overtime.

The issue for determination is whether the foregoing facts bring these employees within the coverage of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., so that with respect to them the defendant, their employer, is subject to the Act's provisions.

Employees are covered by the Fair Labor Standards Act if they are "engaged in commerce or in the production of goods for commerce", Fair Labor Standards Act, as amended, Sections 6 and 7, 29 U.S.C.A. §§ 206, 207. It is not contended that these employees are "engaged in commerce" so the present inquiry is restricted to whether they are engaged "in the production of goods for commerce". In this regard, it may be said at the outset that the cases cited by defendant, McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538; Carrigan v. Provident Trust Co. of Philadelphia, 3 Cir., 153 F.2d 74; Convey v. Omaha Nat. Bank, 8 Cir., 140 F.2d 640; Lofther v. First Nat. Bank of Chicago, 7 Cir., 138 F.2d 299, in which coverage was considered (and denied) only from the standpoint of "engaged in commerce", must be distinguished from the instant case because of the more restricted test applicable. See Carrigan v. Provident Trust of Philadelphia, supra.

Section 3(j) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 203(j), provides,

"(j) * * * for the purposes of this Act an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof * * *."

Accordingly, plaintiff contends that the duties of these employees were such that they were "closely related" and "directly essential" to the production of goods for commerce by the bank and the particular insurance office tenants involved within the meaning of the Act.

That the operations of the bank and the insurance offices consist of production of "goods" for commerce seems to be conceded by the defendant and is settled by Bozant v. Bank of New York, 2 Cir., 156 F.2d 787, with respect to the bank's operations, and by Darr v. Mutual Life Ins. Co., 2 Cir., 169 F.2d 262, with respect to the insurance offices' operations. But the defendant contends that, even if the bank and other tenants produce goods for commerce, the duties of these employees do not bear such a relation to that production as to bring them within the coverage of the Act. It appears to the Court, however, that the plaintiff prevails there also.

In Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 1121, 86 L.Ed. 1638, involving building maintenance employees, some of whom were elevator operators and porters with duties the same as those of the employees herein involved, the court stated that "the work of the employees in these cases had such a close and immediate tie with the process of production for commerce, and was therefore so much an essential part of it, that the employees are to be regarded as engaged in an occupation 'necessary to the production of goods for commerce' ", and held that they were within the coverage of the Fair Labor Standards Act of 1938. Notwithstanding the decision in this case, there followed certain appellate cases favorable to the position taken by the defendant here. In Rosenberg v. Semeria, 9 Cir., 137 F.2d 742, janitorial employees of a bank engaged in interstate commerce were held not covered on the ground that they were not themselves so engaged in commerce. That these employees might be covered under the "production" phrase, as in the Kirschbaum case,

was not urged and was only summarily considered by the court. The reasoning of the court in rejecting the "production" basis and distinguishing the Kirschbaum case was apparently that there was no integration of the janitorial duties with the production functions of the bank. This interpretation of the Kirschbaum case seems incorrect and was probably caused by a misunderstanding of the effect of the then recent decision of McLeod v. Threlkeld, supra. In Rucker v. First Nat. Bank of Miami, Okl., 10 Cir., 138 F.2d 699, 702, the court, stressing the *degree* of necessity noted in the Kirschbaum case, held that certain elevator operators were not covered under the "production" phrase because, inter alia, their relationship was not so "close and immediate" that their activity could be considered necessary to the production of goods for commerce of the tenants whose floors they served. With specific reference to the Rucker case, the Supreme Court in Borden v. Borella, 325 U.S. 679, 65 S.Ct. 1223, 89 L.Ed. 1865, not only reaffirmed its position in the Kirschbaum case but extended it. In Addison v. Commercial Nat. Bank in Shreveport, 5 Cir., 165 F.2d 937, a janitor and an elevator operator working in a bank-office building were held not covered. Here, the court stated that the interpretations of the Supreme Court in the Kirschbaum case, the Borden case, and in 10 East 40th St. Building, Inc., v. Callus, 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806, were "confusing decisional gloss" [165 F.2d 938], all of which it rejected in favor of its own "common sense" interpretation. This view has not enjoyed any following with respect to interpretation of the Fair Labor Standards Act.

On the above premises, it is clear that, prior to the 1949 amendments, the Kirschbaum case would control in favor of the employees on the facts of this case. For an example of appellate court conformity, see Bozant v. Bank of New York, supra.

█ The final question is, then, whether the 1949 amendment of Section 3(j), whereby the test of what employment or activity would be deemed to be production of goods

for commerce was changed from "any process or occupation necessary to the production thereof" to "any closely related process or occupation directly essential to the production thereof", was intended to remove maintenance employees, such as the employees herein, formerly covered under the interpretation of the Kirschbaum case, from the coverage of the Act. In Hawkins v. E. I. Du Pont De Nemours & Co., 4 Cir., 192 F.2d 294, this amendment is characterized as a manifestation of the tendency to restrict the broad implications of the Kirschbaum case. Whatever change is made in the location of the so-called "fringe" area by this amendment, however, the legislative history makes it entirely clear, indeed by specific reference and citation, that custodial workers and maintenance workers, such as were covered in the Kirschbaum case, were not intended to be removed from the coverage of the Act. See particularly the Statement of the Managers on the Part of the House, H. R. Report No. 1453, 81st Congress, 1st Session. To the same effect see Tobin v. Promersberger, D.C.Minn., 104 F.Supp. 314, and see Wecht, Wage Hour Law, Coverage, and George and Lambert, "Wage-Hour Coverage of the Fair Labor Standards Act," 36 Minnesota Law Review 454.

Findings of fact and conclusions of law consistent herewith may be presented. An exception is reserved to the defendant.