## MARTINO *v.* MICHIGAN WINDOW CLEANING CO.

No. 21.   Argued October 8, 9, 1945.—Decided February 4, 1946.

*Daniel D. Carmell* argued the cause for petitioner. With him on the brief was *Leon A. Cousens.*

*Larry S. Davidow* argued the cause and filed a brief for respondent.

*Acting Solicitor General Judson, William S. Tyson, Bessie Margolin* and *George M. Szabad* filed a brief on behalf of the Administrator of the Wage and Hour Division, United States Department of Labor, as *amicus curiae,* urging reversal.

MR. JUSTICE BURTON delivered the opinion of the Court.

The questions here are the same as those in *Roland Electrical Co.* v. *Walling,* 326 U. S. 657. They are (1) whether respondent's employees, under the facts of this case, are engaged "in the production of goods for commerce" within the meaning of §§ 6 and 7 of the Fair Labor Standards Act of 1938 (52 Stat. 1060, 1062–1063, 29 U. S. C. §§ 206 and 207), and (2) whether, if so engaged, they nevertheless are exempted from the Act because they are engaged in a "retail or service establishment the greater part of whose selling or servicing is in intrastate commerce" within the meaning of § 13 (a) (2). 29 U.S.C. § 213 (a) (2). As in the *Roland Electrical Co.* case, we answer the first question in the affirmative and the second in the negative. The respondent also urges as a defense the written agreements which it had renewed from year to year with its employees for a higher number of hours of work per week, before paying overtime, than is prescribed in the Act.

The petitioner sued the respondent in the District Court of the United States for the Eastern District of Michigan. He sued for himself as a former employee of the respondent and also in a representative capacity for its other employees similarly situated. He sought to enjoin the respondent from violation of § 15 (a) (1), (2) and (3), 29 U. S. C. § 215 (a) (1), (2) and (3), of the Fair Labor

Standards Act of 1938, and to recover under § 16 (b) of the Act[1] unpaid overtime compensation together with a like sum as liquidated damages, a reasonable attorney's fee and costs.

The district court heard the case on the pleadings, stipulations of fact and the petitioner's motion for summary judgment, made several findings of law, ordered that the petitioners recover nothing and dismissed the complaint. 51 F. Supp. 505. The circuit court of appeals affirmed the dismissal. 145 F. 2d 163. This Court has granted a writ of certiorari, 325 U. S. 849, because of divergence of opinions among the circuit courts of appeals as to the interpretation of § 13 (a) (2), and now decides this case in favor of petitioners, upon principles stated in *Roland Electrical Co.* v. *Walling, supra.*

The respondent, a Michigan corporation with its principal place of business in Detroit, was engaged in washing windows, painting and similar maintenance work. The employees of the respondent were required in some instances to work longer than 42 hours per week subsequent to October 24, 1939, and longer than 40 hours per week subsequent to October 24, 1940, but were not paid time

---

[1] "SEC. 16. . . .

"(b) Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 52 Stat. 1069, 29 U. S. C. § 216 (b).

and a half except for hours worked in excess of 44 hours per week.[2]

The work of the respondent and of its employees was done within the State of Michigan and, for the most part, on the premises of the respondent's customers. It consisted primarily of cleaning the windows for those customers, always under contracts between them and the respondent. The greater part of this work was done on windows on premises used by respondent's customers in the production of goods for interstate commerce.[3] Under the circumstances of this case the cleaning of the windows of industrial plants by the employees of the respondent is an occupation necessary to the production of the goods produced in those plants.[4] If the services rendered in

---

[2] "Sec. 7. (a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,
(2) for a workweek longer than forty-two hours during the second year from such date, or
(3) for a workweek longer than forty hours after the expiration of the second year from such date,

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 52 Stat. 1063, 29 U. S. C. § 207 (a).

The Fair Labor Standards Act of 1938 was approved June 25, 1938, and this section became effective October 24, 1938. 29 U. S. C. § 207 (d).

[3] Many of the customers were engaged also in interstate commerce on those premises.

[4] ". . . an employee shall be deemed to have been engaged in the production of goods if such employee was employed . . . in any process or occupation necessary to the production thereof, in any State." 29 U. S. C. § 203 (j).

See 100 Factory Management and Maintenance, March 1942, p. 101; 74 Architectural Forum, May 1941, pp. 333, 335; 41 National Safety News, March 1940, p. 88; Balderston, Karabasz and Brecht, *Management of an Enterprise* (1935) p. 145; Conover, *Clean Win-*

this case had been rendered by employees of respondent's customers engaged in the production of goods for interstate commerce, those employees would have come under the Act. Respondent's employees are not to be excluded from such coverage merely because their employment to do the same work was under independent contracts. *Kirschbaum Co.* v. *Walling,* 316 U. S. 517, 524; *Warren-Bradshaw Co.* v. *Hall,* 317 U. S. 88, 90.

The respondent was engaged almost exclusively in servicing customers for whom such services were necessary in their production of goods for interstate commerce. This took place in the midst of producing "the flow of goods in commerce" intended to be covered by the Act. Accordingly, the respondent cannot be classified as a "retail or service establishment" within the meaning of § 13 (a) (2), which contemplates an establishment serving ultimate consumers beyond the end of such "flow of goods in commerce." *Roland Electrical Co.* v. *Walling, supra.*

Throughout this case, the respondent has urged as a defense that, in good faith and from year to year, since before 1939, it has entered into and renewed written agreements with the labor union of which petitioner and those for whom this suit is brought were members. Some of these agreements, renewed since the Act became effective, applied to the periods here in question and required the respondent to pay overtime for work done in excess of 44 hours a week. This requirement was fully observed. The district court made a finding that the existence and observance of such agreements constituted no bar to the right of the employees to recover under § 16 (b) if the Fair Labor Standards Act applied to the case and required overtime pay for work done in excess of a lesser number

*dows for Safety,* 74 Safety Engineering, Sept. 1937, pp. 13–14; 63 The Foundry, Aug. 1935, p. 89; Randall and Martin, *Making Your Windows Deliver More Daylight,* 22 Transactions of the Illuminating Engineering Society, March 1927, pp. 239–257.

of hours per week than were stipulated in the agreements. It was not necessary for the circuit court of appeals to consider the effect of this agreement because, in its view, the Act did not apply to the respondent's employees. However, under the view which we take, the respondent is entitled to a decision on this further defense. We agree with the district court that the agreements cannot supersede the Act and are not a bar to this action. Cf. *Brooklyn Bank* v. *O'Neil*, 324 U. S. 397, 707, *et seq.*

For these reasons, the judgment of the circuit court of appeals is reversed and this case is remanded to the district court for further proceedings in accordance with this opinion.

*Reversed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.