### BAYER v. COURTEMANCHE.
#### Civil Action No. 1840.

District Court, D. Connecticut.
Dec. 24, 1947.

Herbert J. Schwartz, William S. Zeman, and Forward & Levin, all of Hartford, Conn., for plaintiff.

Frank Covello and Franz J. Carlson, both of Hartford, Conn., for defendant.

SMITH, District Judge.

Plaintiff was employed by an independent contractor furnishing cafeteria services to production workers in a manufacturing plant engaged in the production of goods for commerce.

Plaintiff was employed for more than forty hours per week on a straight-time, weekly basis, with no provision for payment of one and one-half times the hourly rate for hours worked in excess of forty.

If plaintiff's employment was in an occupation "necessary to the production of goods for commerce," he may recover, for he was not paid in accordance with the requirements of the Act.[1] Act of June 25, 1938, c. 676, sec. 7, 52 Stat. 1063, as amended October 29, 1941, c. 461, 55 Stat. 756, 29 U.S.C.A. § 207.

The Supreme Court, in the interpretation of the Act, has from the outset refused to attempt a hard and fast definition of "necessary to the production of goods for commerce."[2] It has made plain that it is not to be interpreted to mean "indispensable" but it has left the boundaries of the phrase to be worked out by the courts in passing upon the facts in individual cases.[3]

The principal line of Supreme Court cases which throws some light upon our problem here is the line of building-maintenance-workers cases,[4] analysis of which

---

[1] There may be a question whether the 1947 Amendments to the Act, 29 U.S. C.A. § 216, permit only recovery of unpaid overtime, without liquidated damages, etc., in such a "windfall" case, where both parties in good faith thought the Act not applicable, and the total pay would have been sufficient to more than meet the minimum requirements of the Act had hours and hourly rates been set with the Act in mind.

[2] Kirschbaum Co. v. Walling, Adm'r, 1942, 316 U.S. 517, 62 S.Ct. 1116, 1121, 86 L.Ed. 1638.

[3] Roland Electrical Co. v. Walling, Adm'r, 1946, 326 U.S. 657, 66 S.Ct. 413, 90 L.Ed. 383.

[4] Kirschbaum Co. v. Walling, Adm'r, supra, n. 2; Martino v. Michigan Window Cleaning Co., 1946, 327 U.S. 173, 66 S.Ct. 379, 90 L.Ed. 603; Borden Co. v. Borella, 1945, 325 U.S. 679, 65 S. Ct. 1223, 89 L.Ed. 1865, 161 A.L.R. 1258; 10 East 40th St. Building, Inc. v. Callus, 1945, 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806, 161 A.L.R. 1263; D. A. Schulte, Inc. v. Gangi et al., 1946, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114, 167 A.L.R. 208.

is not without difficulty. The lower courts have passed upon situations which resemble more closely the case at bar, involving employees who prepared or served food for production workers[5] and employees engaged in maintenance work upon a plant-housing project for production workers.[6]

It seems safe to say that employees working directly upon goods which go into commerce and also upon goods used to produce those goods, are within the coverage of the Act[7] but that employees whose connection with production is more remote are not covered if their activity is to be considered essentially local in nature, since the Congress deliberately refrained from exercising the full scope of its powers over occupations affecting commerce and left the regulation of those local in nature to the states.[8]

Among the factors to be considered in determining whether an employee's work is necessary to the production of goods for commerce, or local, are: (1) Whether the place of employment is in a plant engaged in production or remote therefrom; (2) whether the employee is compensated by the producer of the goods for commerce or by an independent contractor; (3) and whether the service performed by the employee is shown by the evidence materially to increase the efficiency of the production workers or not.

It has been held in the maintenance-workers cases that employees maintaining the building in which production takes place, employed by the producer of the goods, are covered;[9] that employees working in an office building of the producer of the goods, in his employ, even though remote from the place where production is carried on, are covered;[10] that employees maintaining an office building for a landlord whose tenants are engaged in the production of goods for commerce on a substantial portion of the premises, even though employed by the landlord rather than by the tenant producers, are covered;[11] that employees of a landlord of an office building whose tenants are engaged in the production of goods for commerce, the production being carried on elsewhere, are not covered;[12] that employees engaged in the maintenance of homes in a factory-housing project near the factory where the production is carried on, in the employ of the lessor of the producers, are not covered;[13] that culinary workers in cafeterias of manufacturing plants remote from other establishments where production employees might obtain food[14] or where the time allowed for eating was too short for the production workers to obtain food from other establishments,[15] even though the cafeteria workers were employed by an independent contractor, are covered; that cafeteria workers, employed by an independent contractor, in a manufacturing plant, who serve the production workers, in the absence of proof that the production workers are unable to obtain food conveniently outside the plant during the time allowed for meals, are not covered.[16]

The Supreme Court has not passed upon any of these cases involving cooks or cafeteria workers serving production workers; nor upon the case of the maintenance workers in the plant-housing project, although in the latter case certiorari was applied for and denied. Mention has been made of the lumber-camp cases by the Supreme Court, apparently with approval in McLeod v.

[5] Consolidated Timber Co. v. Womack, 9 Cir., 1942, 132 F.2d 101; Hanson v. Lagerstrom, 8 Cir., 1943, 133 F.2d 120; Kuhn v. Canteen, D.C.N.D.Ill.W.D., Nov. 25, 1944, 77 F.Supp. 585: Basik v. General Motors Corp., 311 Mich. 705, 19 N. W.2d 142, 159 A.L.R. 966.

[6] Wilson v. R. F. C., 5 Cir., 1946, 158 F.2d 564; certiorari denied 1947, 331 U.S. 810, 67 S.Ct. 1199.

[7] Roland Electrical Co. v. Walling, Adm'r, supra, n. 3.

[8] Kirschbaum Co. v. Walling, Adm'r, supra, n. 2.

[9] Martino v. Michigan Window Cleaning Co., supra, n. 4; Kirschbaum Co. v. Walling, Adm'r, supra, n. 2.

[10] Borden Co. v. Borella, supra, n. 4.

[11] D. A. Schulte, Inc. v. Gangi et al., supra, n. 4.

[12] 10 East 40th Street Building, Inc., v. Callus, supra, n. 4.

[13] Wilson v. R. F. C., supra, n. 6.

[14] Consolidated Timber Co. v. Womack, supra, n. 5; Hanson v. Lagerstrom, supra, n. 5.

[15] Basik v. General Motors Corp., supra, n. 5.

[16] Kuhn v. Canteen, supra, n. 5.

Threlkeld,[17] although in that case a railroad-right-of-way-gang cook was held not engaged in commerce, under the other category of employee not here involved.

On the facts the case at bar is closest to the plant-cafeteria case in which coverage was refused by the District Court for the Western District of Illinois, for here also there has been no showing that the time for lunch was too short for the production workers to eat outside, nor that restaurants were not available nearby, nor that the service in them was inadequate for the workers in the area, nor, indeed, that any great proportion of the production employees of the plant availed themselves of the cafeteria at mealtimes.

Had any of these elements been shown by the plaintiff, it might be that his work could be considered necessary, but, in their absence, in view of the remoteness of plaintiff's work from the actual production of the goods for commerce, and in view of his employment by an independent contractor and the essentially local nature of restaurants and cafeterias generally, we must hold his work to be local in nature, even though there is one factor in his favor, that of employment solely in the same building where the production is carried on. Congress might have considered that hour and wage conditions throughout such a building should meet a common minimum and have so provided. That has not, however, been made the criterion, but rather whether the work is "necessary to the production" or "local". The combination of factors here seems better to fit the "local" label.

Judgment may be entered for the defendant, dismissing the action.

---

[17] McLeod v. Threlkeld et al., 1943, 319 U.S. 491, 493, 63 S.Ct. 1248, 87 L.Ed. 1538.