**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Herbert KLETJIAN, doing business as University Cleaning Co., Defendant.**

Civ. A. No. 59-656.

United States District Court
D. Massachusetts.

Feb. 24, 1960.

Harold C. Nystrom, Acting Solicitor, U. S. Dept. of Labor, Washington, D. C., Thomas L. Thistle, Austin N. Horowitz, U. S. Dept. of Labor, Boston, Mass., for plaintiff.

Walter H. McLaughlin, Boston, Mass., for defendant.

JULIAN, District Judge.

The plaintiff moves for summary judgment under Rule 56 of the Rules for Civil Procedure, 28 U.S.C.A., on the ground that there is no genuine issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law.

The material facts are undisputed.

The defendant is an independent contractor providing services to businesses engaged in commerce or in the production of goods for commerce.

From August 4, 1957 to April 26, 1959 the defendant employed one Peter Didris to wash, wax and polish floors, clean windows, empty waste baskets, sweep up offices, and clean rest rooms, on the premises of those engaged in commerce or in the production of goods for commerce.

During the period stated the defendant employed Didris for work weeks in excess of 40 hours and did not pay him for such excess time at the rate of one and one-half times his regular rate of pay.

If his employment is covered by the Fair Labor Standards Act of 1938, as amended (29 U.S.C.A. § 201 et seq.), Didris would be entitled to recover $1,-288.35 under the overtime provisions of the Act.

The action is brought by the plaintiff on behalf of Didris at the latter's written request.

The sole question is whether the employee was engaged in the production of goods for commerce within the meaning of section 203(j) of the Act (29 U.S.C.A. § 203(j)), as amended in 1949, which provides that "an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State."

On the facts in this case the question may be stated more narrowly to be whether Didris was employed in a "closely related process or occupation directly essential to the production" of goods for commerce.

Prior to the adoption of the 1949 amendment the test of coverage for employees such as Didris was whether they were employed "in any process or occupation necessary to the production" of goods for commerce.

In A. B. Kirschbaum Co. v. Walling, 1942, 316 U.S. 517, 62 S.Ct. 1116, 86 L. Ed. 1638, the Supreme Court held that employees engaged in the maintenance and operation of buildings used by tenants principally in the production of goods for commerce were covered by the Act. The employees involved in that case included an engineer, firemen, elevator operators, watchmen, an electrician, a carpenter, a carpenter's helper, and porters. They performed the customary duties of persons charged with the effective maintenance of a building. The porters kept the buildings "clean and habitable." "In our judgment," said the Court (316 U.S. at pages 525–526, 62 S.Ct. at page 1118), "the work of the employees in these cases had such a close and immediate tie with the process of production for commerce, and was therefore so much an essential part of it, that the employees are to be regarded as engaged in an occupation 'necessary to the production of goods for commerce'."

In Martino v. Michigan Window Cleaning Co., 327 U.S. 173, 66 S.Ct. 379, 381, 90 L.Ed. 603, decided in 1945, the Supreme Court held that the Act covered an employee whose work "consisted primarily of cleaning the windows" on premises used by his employer's customers in the production of goods for commerce.

The 1949 amendment inserted the words "closely related" before the words "process or occupation" and substituted the words "directly essential" for the word "necessary." An attempt to replace the word "necessary" with the term "indispensable" did not succeed. In the context of the legislative history of the amendment, the inference seems permissible that the words "directly essential" were intended to be less restrictive than the word "indispensable."

Whatever the decision might be in an appropriate case as to the effect of the amendment on the holding in the Martino case, it seems clear from the history of the amendment that it was not the intent of Congress to remove from the operation of the Act employees who, as those in the Kirschbaum case, perform the customary duties of persons charged with the effective maintenance of a building used for the production of goods for commerce. Union National Bank v. Durkin, 8 Cir., 1953, 207 F.2d 848.

The duties performed by Didris were substantially the same as those performed by the porters in Kirschbaum and were far more extensive and more closely and in more ways related to the maintenance of the buildings than those per-

formed by the employee in the Martino case.

I conclude that Didris was covered by the Act.

The plaintiff's motion for summary judgment is granted.

Judgment will be entered for the plaintiff for $1,288.35 with interest and costs.