W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,

v.

D. B. HARRIGILL, Appellee.

No. 20821.

United States Court of Appeals Fifth Circuit.

March 9, 1964.

964

Bessie Margolin, Associate Sol., Beate Bloch, Atty., Dept. of Labor, Washington, D. C., Charles Donahue, Sol. of Labor, Beverley R. Worrell, Regional Atty., for appellant.

Charles A. Carter, J. Stuart Robinson, Jackson, Miss., for appellee.

Before BROWN, MOORE,* and GEWIN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

The Secretary appeals from a judgment denying recovery sought by him under 29 U.S.C.A. § 216(c); Mitchell v. Mitchell Truck Line, Inc., 5 Cir., 1961, 286 F.2d 721, at 726–727, on behalf of Solon W. Blades, the Employee of the Appellee, Employer.

█ The Employer's business was that of a star route contract mail carrier with the United States Postal Service for runs to and from Brookhaven and Hattiesburg, Mississippi, and some intermediate points. In addition, the Employer carried on a commercial motor transportation service for pickup, transportation and delivery of specified freight from certain private shippers between some or all of these points. The Employee's work was to drive the truck, pick up, load, and unload the mail at railroad stations, post offices or the like, and to pick up and deliver the private freight at specified loading and discharging points. The employment arrangement, arising as it does by implication without any clear-cut express agreement oral or written, called for compensation at $1

per hour and a specified percentage commission on the commercial freight shipments.[1] The Employer agreed to, and did, pay overtime for work in excess of 40 hours, although it is now assumed by all that as an interstate carrier overtime, as distinguished from minimum wage, was not required, 29 U.S.C.A. § 213(b), and such "overpayments" may properly be credited against the statutory minimum wages due.

The controversy was essentially over the time spent in activities before and after commencing or concluding a run, such as driving the truck to and from the Employer's garage in the morning and evening, picking up the mail at a railroad depot, moving the truck from parking areas, the pickup of commercial package shipments, and the like. The dispute was further complicated by the fact that time records, kept and turned in periodically by the Employee without protest or objection, did not reflect these added times. After all of the emphasis during the trial on these records and the imputation that the Employee's claim was a baseless one in face of them, it is now clear, as the Employer formally acknowledged both by brief and on oral argument, the records were inaccurate since they failed to reflect approximately 40 minutes of compensable activities each day.

█ Although much was made out of this disparity between the Employee-kept record and his court-asserted claim, and the District Court in its memorandum decision made occasional references which might seem to discuss this in terms of inequitable conduct, principles of estoppel, or the binding character of records knowingly kept inaccurately by an employee, our affirmance does not rest on that ground. When properly analyzed, this appeal does not present a challenge to the previous decisions of this and other Courts implementing the employer's statutory obligation to main-

---

* Of the Second Circuit, sitting by designation.

1. The Employer arbitrarily added and paid for 12 minutes per day (two-tenths of an hour) as his estimate of unlogged time.

tain accurate records. 29 U.S.C.A. § 211(c). These decisions, following the principles emphatically announced in Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515, are still controlling. Mitchell v. Mitchell Truck Line, Inc., 5 Cir., 1961, 286 F.2d 721, 725–726; Ector Water Co. v. Easley, 5 Cir., 1963, 325 F.2d 91; Mitchell v. Strickland Transp. Co., 5 Cir., 1955, 228 F.2d 124, 128–129; Mitchell v. Riley, 5 Cir., 1961, 296 F.2d 614, 616–617; Foremost Dairies, Inc. v. Ivey, 5 Cir., 1953, 204 F.2d 186, 188. But the fact that records were not accurately kept does not necessarily call for reversal. Records must be kept, and the responsibility is ultimately on the employer for doing so, But since this is a suit for a money judgment, not an injunction sought by the Secretary under § 17, 29 U.S.C.A. § 217, there must be a finding, either as a traditional finding of fact or as one compelled as a matter of law, that the compensation actually paid was less than that due. For this essentially run-of-the-mill fact controversy, we think there was sufficient evidence under the clearly erroneous concept of F.R.Civ.P. 52(a) to sustain the District Court's finding that with the commissions on private freight shipments and crediting "overpayments" on non-required overtime, the Employer had in fact paid not less than the statutory minimum of $1.[2]

Two remaining contentions may be similarly disposed of. The first is whether the time of the added activities amounted to the 40 minutes as now acknowledged or approximately two hours as claimed by the Employee. This was a routine fact decision evaluating evidentiary detail on minute physical operations and activities. The second is the factual-legal assertion that the employment agreement called for payment of $1 per hour for transportation of the mail, and, in effect, a separate compensation represented by the freight com-

missions, for such activities. The law question goes out because the Court was warranted in the factual conclusion that this informal arrangement was hardly that rigid.

Affirmed.

---

2. Another factor relevant to this determination is the admitted practice of the Employer in adding 12 minutes to each day's time. See note 1, supra.