Gordon **WHITTINGTON**, Plaintiff,

v.

Wayne L. **ROBERTS** d/b/a Wayne L. Roberts Paving Company, Defendant.

No. WC 72-40.

United States District Court,
N. D. Mississippi, W. D.

June 20, 1973.

Gerald H. Center, and Gafford, Free-
land, Oxford, Miss., for plaintiff.

Talmadge D. Littlejohn, New Albany,
Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action, having been tried to the
court without a jury at the United
States Courthouse in Oxford, Mississip-
pi, on December 20, 1972, is now before
the court for final disposition, the par-
ties having complied with the request of
the court to submit proposed findings of
fact and conclusions of law.

This Memorandum of Decision con-
tains the court's findings of fact and
conclusions of law pursuant to Rule
52(a) F.R.Civ.P.

Plaintiff and defendant are adult resi-
dent citizens of and reside in Union
County, State of Mississippi, within the
territorial jurisdiction of the Western
Division of this court. The court has
jurisdiction of the subject matter [1] and
personal jurisdiction of the parties.

During the trial on the merits there
were introduced in evidence the time
books maintained by defendant. These
books contain defendant's only record of
hours worked and compensation paid
employees during the period pertinent to
the action. An examination of the
books reflect the following facts. Plain-
tiff was first employed by defendant
during the week ending August 8, 1970.
During this week plaintiff worked 34
hours and was paid an aggregate wage
of $54.40, or $1.60 per hour. During
the week ending August 15, 1970 plain-
tiff worked 48 hours for which he re-
ceived net pay of $61.61. The deduc-
tions are not reflected by the record.
Plaintiff worked 36 hours during the
week ending August 22, 1970 for which
he was paid a gross wage of $57.60, or
$1.60 per hour. Plaintiff did not work
during the weeks ending August 29,
September 5, or September 12, 1970.
Plaintiff started regular work with
defendant in the week ending September
19, 1970. During this week he worked
38 hours and was paid a gross wage of
$76.00, or $2.00 per hour. Plaintiff's
rate of pay continued at $2.00 per hour
until the week ending November 28,
when the rate was changed to $2.10 per

---

1. The plaintiff by the action sub judice
seeks to recover from defendant unpaid
wages and overtime compensation, liqui-
dated damages and counsel fees, pursuant
to the provisions of the Fair Labor
Standards Act of 1938, as amended
(Act). 29 U.S.C.A. § 201 et seq.

Jurisdiction is predicated upon 28 U.S.
C.A. § 1337.

The evidence in this action shows with-
out substantial dispute that during the
pertinent period defendant was engaged
in commerce, as such terminology is used
in the Act, and that defendant's employ-
ees were covered employees under Sec-
tions 6 and 7 of the Act which contain
the minimum wage and maximum hours
provisions. 29 U.S.C.A. §§ 206, 207.

hour. Plaintiff's rate of pay continued at $2.10 per hour until the week ending April 3, 1971, when it was increased to $2.20 per hour. Plaintiff's rate of pay continued at $2.20 per hour until the week ending November 13, 1971 when he was raised to $2.30 per hour. The rate of pay continued until plaintiff's employment was terminated on February 19, 1972.

Soon after plaintiff left defendant's employment, a compliance officer of the Wage and Hour and Public Contracts Divisions of the United States Department of Labor checked with defendant for compliance with the minimum wage and overtime provisions of the Act. As a result of this check defendant, at the request of the compliance officer, completed and submitted to the department a "Wage Transcription and Computation Sheet" for plaintiff. Basing the computations on his time books and the information therein contained, defendant listed an amount due plaintiff in the sum of $504.20. The officer's summary of unpaid wages listed unpaid wages in this sum as being due plaintiff. This amount has been verified by the court from the payroll records of defendant. The court finds that the sum of $504.20 is a substantially correct sum of unpaid overtime due by defendant to plaintiff when computed on this basis.

Defendant's time books do not reflect the exact starting and quitting time for the day. The entry consists only of the number of hours worked by the mployee. Plaintiff contends that such records do not comply with the regulations prescribed by the Administrator, pursuant to Section 11(c) of the Act, 29 U.S.C.A. § 211(c), and has introduced evidence that on numerous occasions he worked longer than the time reflected by defendant's time books.

It is well settled that "it is the employer who has the duty [under the act] to keep proper records of the wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed", Anderson v. Mt. Clements Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946).

The Supreme Court said in *Mt. Clements Pottery*, "[i]n such a situation [where the employer has not kept proper and accurate records] we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with eivdence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate". *Id.* p. 687, 66 S.Ct. p. 1192. In a case such as the one sub judice where the demand is for a money judgment "[t]here must be a finding, either as a traditional finding of fact or as one compelled as a matter of law, that the compensation actually paid was less than that due." Wirtz v. Harrigill, 328 F.2d 963 (5th Cir. 1964).

The time books do not reflect the hourly rate in terms of dollars and cents. The gross wages for the work week when divided by the number of hours worked, reflect the hourly rate. That the resulting rate is the correct rate is buttressed by the Wage Transcription and Computation sheet prepared by defendant and submitted to the compliance officer, wherein defendant designates the applicable hourly rate of pay. It is apparent that defendant, when preparing the sheet, computed the hourly rate by dividing gross wages by the hours worked.

Defendant offered evidence at the trial that plaintiff's hourly rate changed from time to time; that the starting hourly rate was $1.60, that the rate was

raised on September 16, 1970 to $1.70, on March 29, 1971 to $1.90, and finally on November 8, 1971 to $2.10. Plaintiff used these rates as the regular rates of pay to compute the amount due plaintiff for each work week during the pertinent period. An exhibit introduced by defendant (Exhibit No. 6) reflects that wages computed in this manner aggregated $6,226.00 for the period. The amount actually paid during the period according to the time books amounted to $7,245.45. There is not anything in defendant's records to substantiate the claim that defendant only owed plaintiff $6,226.00 for wages and overtime compensation during the pertinent period. By applying the legal principles, supra, the court concludes that the hourly rates of pay as reflected by the time books and the Wage Transcription and Computation Sheet are correct and defendant is chargeable therewith.

Plaintiff recalls several experiences of a personal nature which occurred during the pertinent period. Tying these to the work which he was performing for defendant at the time of such experiences plaintiff claims that the hours of work entered by defendant on the time books are not accurate and he actually worked many hours in excess of those for which he was paid. Reference to the time books reflects that defendant recorded 52 weeks during the period of employment in which plaintiff worked overtime. Many of these weeks reflect substantial overtime work, some as high as 24 hours. While defendant's records do not reflect the exact hours worked by plaintiff, the court finds that under all the evidence in the case, the time books offer the best and most acceptable evidence of the hours worked by plaintiff.

The court concludes that plaintiff is entitled to recover unpaid overtime compensation in the sum of $504.20, and an additional equal amount of $504.20 as liquidated damages. 29 U.S.C.A. § 216 (b).

Defendant claims to have advanced certain funds to or for the account of plaintiff for which he has not been reimbursed. Plaintiff, on the other hand, contends that some of the advances were paid him as bonuses or Christmas gifts and that the other advances have been repaid by deductions from his weekly wages. A comparison of the net amount shown by the time books to be due plaintiff each week with the checks issued by defendant in payment thereof, reflects that substantial deductions were made on numerous occasions from plaintiff's pay check. Defendant did not keep or maintain any record with regard to plaintiff's account with him. The nature of the evidence on the issue convinces the court that plaintiff has paid defendant for all advances made to him or to others for his account through deductions from his weekly wages.

Plaintiff is entitled to recover a reasonable attorney fee for his attorney in this action. Section 16(b) of the Act, 29 U.S.C.A. § 216(b) provides in pertinent part that, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." This provision of the law is mandatory. The court finds that the sum of $750.00 is a reasonable attorney's fee to be paid plaintiff by defendant.

The clerk will enter a judgment against defendant in favor of plaintiff in the aggregate sum of $1,758.40, with interest at six percent (6%) from the date of this memorandum until paid. The costs shall be taxed against defendant.